352 So.2d 1301 (1977)
Judy Belle V. Millet, wife of Lester J. MILLET, Jr.
v.
Lloyd B. JOHNSON, Ind./and as Sheriff of St. John the Baptist Parish, et al.
No. 9151.
Court of Appeal of Louisiana, Fourth Circuit.
November 23, 1977.
*1302 Law Offices of Louis R. Koerner, Jr., by Louis R. Koerner, Jr., New Orleans, for plaintiff-appellee.
Carville & Edrington, Richard L. Edrington, Laplace, for mover.
Robert Faucheux, Jr., Reserve, for Brent Tregre, Robert Becnel and Police Jury.
Before BOUTALL, SCHOTT and BEER, JJ.

ON MOTION TO DISMISS
BOUTALL, Judge.
Appellee, Judy Belle Millet filed a motion to dismiss the appeal of Lloyd B. Johnson on the grounds that the judgment appealed from is an interlocutory judgment and that no appeal lies from such a judgment.
The judgment appealed from was rendered in a defamation suit brought by Mrs. Millet against Lloyd B. Johnson, individually and in his capacity as Sheriff of the Parish of St. John the Baptist, The Riverlands Publishing Company, Inc., and others. Johnson and Riverlands filed exceptions of no right or cause of action and Johnson additionally filed a motion to strike plaintiff's request for trial by jury. The trial court rendered one judgment on these three pleadings in which it (1) maintained the exception of Riverlands and dismissed it from the suit; (2) overruled and dismissed the exceptions of no cause of action by Johnson; and (3) ordered a bifurcated trial by jury against Johnson individually and by judge against him as Sheriff of the Parish.
The motion to dismiss is filed on two grounds: 1.) that there is no appeal from denial of an exception of no cause or right of action; and 2.) that there is no appeal from dismissal of a motion to strike an order of jury trial. LSA-C.C.P. Article 2083 provides that an appeal may be taken from a final judgment or from an interlocutory judgment which may cause irreparable injury. The judgment appealed by Johnson as to Millet does not fit the definition of a final judgment under LSA-C.C.P. Article 1841, and the only question before us is whether it meets the test of irreparable injury as an interlocutory judgment. The appellant has made no response to the motion to dismiss, nor is there any showing in the record which would show irreparable injury. It is too certain to require comment that a judgment which dismisses a peremptory exception of no right or cause of action is an interlocutory judgment and unappealable. Mauterer v. Tillery, 328 So.2d 755 (La.App.1976).
In response to the second ground of the motion to dismiss, that is, the denial of motion to strike jury trial, we do not believe that the appeal encompassed this issue. The appeal seemed to be taken and granted only as to the dismissal of exceptions. In his petition of appeal, Johnson appealed "suspensively from the judgment on exceptions rendered on the above captioned cause . . ." and the court granted "a suspensive appeal from the judgment rendered on the exceptions on the above entitled and numbered cause." Lacking a response from appellant, the only other information we find in the record is the appeal bond which contains the following preamble:
"Whereas judgment has been rendered on the exceptions in the above 29th Judicial District Court for the Parish of St. John the Baptist, in the above entitled and numbered cause in favor of petitioners and against defendants, dismissing defendants' exceptions and that the said defendant has this day obtained an order of suepensive appeal therein, conditioned upon the furnishing of this obligation."
In any event, the order granted by the trial judge seems to be in accordance with the principles of jury trials in accordance with the cases of Jones v. City of Kenner, 338 So.2d 606 (La.1976) and Champagne v. American Southern Insurance Company, 295 So.2d 437 (La.1974). We do not find any irreparable injury shown by the issuance of the trial court's judgment, and we would dismiss the appeal on that ground also. Bunkie Bank & Trust Company v. Avoyelles Parish Police Jury, 347 So.2d 1305 (La.App.1977); Triche v. City of Houma, *1303 342 So.2d 1155 (La.App.1977); First National Bank of Commerce, New Orleans v. Miller, 328 So.2d 383 (La.App.1976).
In accordance with the foregoing reasons, we conclude that the judgment appealed from by Lloyd D. Johnson in favor of Judy Belle Millet, appellee, is an interlocutory judgment and since there is no showing of irreparable injury, the motion of appellee is granted, and the appeal of Lloyd B. Johnson is dismissed at his cost.
MOTION TO DISMISS GRANTED.