402 So.2d 729 (1981)
AMERICAN BANK
v.
RED DIAMOND SUPPLY CO., INC., et al.
No. 11642.
Court of Appeal of Louisiana, Fourth Circuit.
July 7, 1981.
Rehearing Denied September 17, 1981.
Shushan, Meyer, Jackson, McPherson & Herzog, Rader Jackson, New Orleans, for plaintiff-appellee.
Randell O. Lewis, Boutte, for defendants-appellants.
Before SAMUEL, GULOTTA and CHEHARDY, JJ.
*730 SAMUEL, Judge.
On April 4, 1978 plaintiff filed this suit against defendants, Red Diamond Supply Company, Inc. and John R. Pertuit, to recover $94,064, together with interest and attorney's fees, as the holder and owner of a promissory note in the amount sued upon. The note, dated February 11, 1977, was executed by both defendants. Plaintiff also prayed for recognition of: (1) a promissory note in the amount of $33,000 dated October 11, 1971, paraphed for identification with a collateral mortgage of the same date, both executed by defendant, John R. Pertuit, and pledged by him to plaintiff; (2) a promissory note in the amount of $50,000 dated September 1,1976, paraphed for identification with a collateral mortgage of the same date, both executed by defendant, John R. Pertuit, and pledged by him to plaintiff; and (3) a promissory note in the amount of $62,000 dated October 11, 1971, paraphed for identification with a collateral mortgage of the same date, both executed by the other defendant, Red Diamond Supply Co., Inc., and pledged by it to plaintiff.
Defendants answered, generally denying the allegations of the petition, but setting forth no special or affirmative defenses.
Plaintiff's evidence was heard on October 10, 1979, and when the case again was called on November 12, 1979 no one except defendants' attorney appeared in their behalf. The trial court rendered judgment at that time on the pleadings, exhibits, and evidence before him in favor of plaintiff for $94,064, together with interest, attorney's fees, and costs. The judgment also recognizes the three pledged notes and collateral mortgages.
Thereafter, defendants filed a motion for a new trial and, following a full evidentiary hearing, at which testimony of the individual defendant, Pertuit, and of a plaintiff bank employee was heard and various exhibits were offered and received in evidence, a new trial was denied. Defendants have appealed.
Pending argument in this court, Audrey Pertuit, wife of the defendant John R. Pertuit, attempted to intervene in this appeal and supplement the record by introducing an act of sale pertaining to immovable property subject to the collateral mortgages by Pertuit which she claims are community in nature. This court dismissed her motion because, under the then existing law she could not have intervened in the trial court, the time for taking an appeal from the judgment had passed when the motion was filed, and she no longer had a right to appeal.
Defendants argue Article 2334 of the Louisiana Civil Code, as amended by Act 679 of 1976, prohibits a husband from pledging collateral mortgage notes which incumber immovable property in the names of both husband and wife, which were executed by the husband alone prior to January 1, 1977 to secure hand notes issued by the husband alone after January 1, 1977.
Article 1005 of the Louisiana Code of Civil Procedure requires a defendant to set forth any matter constituting an affirmative defense in his answer. Defendant Pertuit filed a general denial with no affirmative defense, and the record contains no evidence to indicate the property secured by the collateral mortgage pledged by Pertuit was in both his name and the name of his wife.
However, even assuming the record does reflect the property subject to the two mortgages by Pertuit stood both in his name and in that of his wife, it nevertheless appears the hand note executed by him individually and as president of the other defendant on February 11, 1977 does not violate Civil Code Article 2334, effective January 1,1977, which provides in pertinent part as follows:
"Where the title to immovable property stands in the names of both the husband and wife, it may not be leased, mortgaged or sold by the husband without the wife's written authority or consent." LSA-C.C. Art. 2334.
Defendants attempt to buttress their argument with the case of Odom v. Cherokee *731 Homes, Inc.,[1] which sets forth the theory that a collateral mortgage ranks from the date of issuance of the hand note which it secures and not from the date on which the collateral mortgage was recorded. They argue from this theory that the two collateral mortgages encumbering the property allegedly in the names of both Pertuit and his wife have their effect against third persons from February 11,1977 when the hand note which they secure was executed by Mr. Pertuit. If the mortgages rank from February 11, 1977, theoretically they would be in violation of that portion of Civil Code Article 2334, quoted above.
However, we can find no case which recognizes the principles set forth in Odom v. Cherokee Homes, Inc. On the contrary, in First Guaranty Bank v. Alford,[2] on the authority of Civil Code Article 3158 the Supreme Court said that a collateral mortgage note may be pledged to secure future obligations that full payment of such a given obligation does not extinguish such a note or the collateral mortgage which secures it, and the collateral mortgage ranks from the date of its initial pledge.
The language of Article 3158 and other cases[3] establish that once a note secured by collateral mortgage has been pledged for a debt, the payment of that debt does not extinguish the collateral mortgage. On the contrary, the collateral mortgage remains in full force and effect as of the date of its original pledge to the creditor and can be used to secure new obligations incurred thereafter.
Applying these principles to the present case, even if the record indicated the property secured by the collateral mortgages affected immovable property standing in the name of both husband and wife, the execution of the hand note by the husband alone subsequent to the effective date of the amendment to Article 2334 does not violate that article as amended. The collateral mortgages were executed at a time when it was acceptable for a husband alone to mortgage or otherwise alienate community property, and the fact that the husband executed a hand note subsequent to the effective date of the amendment to Article 2334, by which amendment the wife's signature is required to mortgage such property, does not affect the previously recorded and pledged collateral mortgages.
Defendants also argue the trial court committed error by finding that extensive interrogatories propounded by defendants were sufficiently answered by the plaintiff. They filed a motion to test the sufficiency of the answers to those interrogatories, and the trial court denied defendants' rule because he was satisfied with the answers. We agree with that conclusion. In addition, we note defendants made no attempt to obtain discovery by other means in the ten months between the judgment on the rule to test plaintiff's answers and the trial on the merits.
In addition, it has been held that the trial court's ruling on discovery matters should not be disturbed on appeal unless it is found to be an abuse of discretion and also that the abuse prejudiced the outcome of the case.[4] Here, defendants have made no adequate showing of an abuse of the trial judge's discretion and have made no showing that any such alleged abuse prejudiced the outcome of the case. Moreover, it is difficult for them to claim abuse or prejudice when they did not use the ten months between the trial of the rule to test answers and the trial on the merits to seek the information they allegedly needed.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] La.App., 165 So.2d 855.
[2] La., 366 So.2d 1299.
[3] See also Thrift Funds Canal, Inc. v. Foy, 261 La. 573, 260 So.2d 628; Cameron Brown South, Inc. v. East Glen Oaks, Inc., La.App., 341 So.2d 450; and Courshon v. Mauroner-Craddock, La. App., 219 So.2d 258.
[4] Vallery v. Olin Corp., La.App., 337 So.2d 631.