BOWES, Judge.
This suit originated on April 4, 1978 when American Bank instituted proceedings against defendants, Red Diamond Supply Company, Inc. and John R. Pertuit, to recover $94,064.00, together with interest and attorney’s fees, as the holder and owner of a promissory note in the amount sued upon. The note, dated February 11, 1977, was executed by both defendants and was secured by the pledge of three mortgage notes, to wit:
1. A collateral mortgage by Red Diamond Supply Co., Inc. and John R. Pertuit dated October 11, 1971 in favor of the American Bank in the amount of sixty-two thousand dollars ($62,000.00) by the following property:
(a) Lots 1813, Block 1 of Mozella Town-site and,
(b) Lots 9, 10, 11, and 12, Block 1 of Mozella Townsite
2. A collateral mortgage note dated October 11, 1971 in the amount of thirty-three thousand dollars ($33,000.00) by John R. Pertuit in favor of the American Bank secured by property in the Monsanto subdivision, namely the family home.
3. A collateral mortgage note dated September 1, 1976 in the amount of fifty thousand dollars ($50,000.00) by John R. Pertuit in favor of the American Bank secured by property in the Monsanto Subdivision, namely the family home.
Judgment was rendered in the suit on November 12, 1979, recognizing all three collateral mortgages and granting American Bank a judgment for Ninety-four thousand sixty-four dollars (94,064.00) with the three mortgages as security. That judgment was appealed by the defendants (and appellants herein) on April 10, 1980.
The Fourth Circuit Court of Appeal rendered judgment on July 7, 1981 (see 402 So.2d 729), affirming the trial court judg *157 ment. Rehearing was refused September 17, 1981 and writs to the Supreme Court were refused on December 14, 1981 (see 407 So.2d 747), thereby rendering this judgment final in every legal sense.
Between the time the order for appeal was granted, April 10, 1980, and the date the Louisiana Supreme Court denied writs, December 14, 1981, a number of documents were filed, accepted and acted upon by the trial court. This series of events began on June 4, 1980 when the State filed a document styled “Petition for Intervention and for Injunctive Relief.” This “petition” precipitated a multitude of subsequent filings, including, but not limited to, answers, re-conventional demands, third party demands, supplemental petitions and answers, exceptions, motions for summary judgment and finally concluded with a motion to set for trial, which was signed October 29, 1981.
The trial on the foregoing pleadings, some of which directly or indirectly dealt with the judgment rendered November 12, 1979, took place over an extended period of time, beginning on February 11, 1982; with the case formally being considered under advisement June 4, 1984. The judgment, which is the basis of this appeal, was finally rendered September 28, 1984, with reasons for the judgment following on October 19,1984. That judgment reads in pertinent part as follows:
After hearing the evidence, argument of counsel and consideration of the briefs, as well as the law, it is the judgment of the Court that:
1.The American Bank has sufficiently carried the burden of proof insofar as its demand against the Red Diamond Supply Company, and/or John R. Pertuit, and there is, therefore, Judgment in favor of American Bank and against Red Diamond Supply Co. and/or John R. Pertuit in the full sum and amount of $34,180.00, in addition to interest called for in the note of said Bank, interest to begin on date of said note; namely, November 14, 1975 (Note # 3130), until paid.
2. This Court finds as a matter of fact that the Office of the Clerk of Court, Parish of St. Charles, although negligent in its failure to record certain documents is not indebted unto the State of Louisiana.
3. The land in question purchased by the Department of Highways, State of Louisiana, is hereby declared the property of the State of Louisiana, free and clear of any mortgage, encumbrance or lien, and all allegations by the Clerk of Court, as well as the American Bank, to the contrary are dismissed, and the Clerk of Court, Parish of St. Charles is hereby Ordered to amend the records of that office so as to coincide with this Judgment.
Only the defendants, Red Diamond and John R. Pertuit, have appealed this judgment devolutively (and no party has answered the appeal), assigning the following as errors:
1. The trial judge erred in granting the American Bank judgment in the amount of thirty-four thousand one hundred eighty ($34,180.00) dollars without indicating what effect said judgment would have on previous judgment in favor of the American Bank in the amount of ninety-four thousand sixty-four ($94,064.00) dollars.
2. The trial judge erred in finding the maker date of note 3130 to be November 14,1975 without indicating what effect said finding would have on the previous judgment for ninety-four thousand sixty-four ($94,064.00) dollars.
3. The trial court erred in failing to find the promissory note in the amount of ninety-four thousand sixty-four ($94,064.00) dollars was invalid for failure of consideration.
4. The trial court erred in failing to find the mortgage promissory note for ninety-four thousand sixty-four ($94,064.00) dollars was invalid because of material alteration.
5. The trial court erred failing to find that the collateral mortgage in the amount of fifty thousand dollars ($50,000.00) *158 signed on September 1, 1976 was invalid as it is in violation of LA.Civil Code, Art. 2334.
6. The trial court erred in failing to find the promissory note in the amount of ninety-four thousand sixty-four ($94,064.00) dollars and its ancillary pledges were invalid due to fraud.
7. The trial judge erred in not finding that the clerk of court of St. Charles Parish was negligent and therefore liable for failure to indicate a mortgage on the mortgage certificate.
8. The trial judge erred in ruling the Department of Transportation and Development was [not] an indispensable party to the original action filed on April 4, 1978.
During the period of time all the pleadings subsequent to the original judgment were filed, Louisiana Code of Civil Procedure Article 2088 read as follows:
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
(1) Allow the taking of a deposition, as provided in Article 1437:
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code; or
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal, [emphasis ours]
We note that under C.C.P. art. 2088 the trial court would have had jurisdiction to “execute or give effect to the judgment of November 1979” since only a devolutive appeal had been taken. The court, of course, retained jurisdiction over all matters not “reviewable under the appeal.” That would include questions involving the State and the Clerk of Court of St. Charles Parish since neither of these parties had participated in the litigation which led to the judgment rendered on November 12, 1979. However, neither the State nor the Clerk of Court of St. Charles Parish appealed the judgment which is the subject of this appeal, so any adjudication affecting them is not before this court.
Allegations of error numbered one through six had all been litigated and/or disposed of in the judgment of November 1979 and are therefore res judica-ta [1] as to American Bank and appellants. Assignment number eight was pled too late as the non-joinder complained of was not pleaded as a peremptory exception in the original suit; neither was it noticed by the trial court nor the Fourth Circuit Court of Appeal and, after those courts had ruled, the 1979 judgment became final. And, finally, appellants have no cause to complain about assignment number seven as they *159 suffered no injury by the Clerk’s action and have no standing to question those actions.
Therefore, we find that all the action taken by the trial court between April 10, 1980 and December 14, 1981, which in any way affected American Bank and appellants herein and which had been addressed in the judgment of November 12, 1979, is null, void and of no effect.
Accordingly, we annul and set aside section (1) of the judgment herein appealed, as well as the legal interest on said judgment assessed against appellants in the last paragraph of the judgment. We further annul and set aside the attorney’s fees assessed against appellants in footnote # 1 of the judgment. As neither the State nor the Clerk of Court of the Parish of St. Charles appealed or answered this appeal, and because any action or inaction by the Clerk in no way damaged appellant, we find no reason to rule on sections (2) and (3) of the judgment herein appealed.
Costs of this appeal are to be borne by the appellants.
ANNULLED AND SET ASIDE IN PART.

. Res Judicata or the “Thing Adjudged” is defined by Civil Code Art. 3556(31) as:
“Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by the law for for appealing is elapsed, or because it has been confirmed on the appeal."