501 So.2d 318 (1987)
Diane E. Hegel SCHNATZ
v.
Thomas Wilbur SCHNATZ.
Nos. 86 CA 487, 86 CA 426.
Court of Appeal of Louisiana, Fifth Circuit.
January 12, 1987.
Rehearing Denied February 18, 1987.
Writ Denied April 20, 1987.
Edwin R. Fleischmann, Jr., Metairie, for plaintiff-appellant.
Robert C. Lowe, Edith H. Morris, Sessions, Fishman, Rosenson, Boisfontaine, Nathan & Winn, New Orleans, for defendant-appellee.
*319 Before KLIEBERT, BOWES and GAUDIN, JJ.
KLIEBERT, Judge.
Diane Schnatz, the wife-appellant, takes these appeals from successive judgments (1) overruling her exception of no cause of action, and (2) granting a divorce by default on the petition of Thomas Schnatz, husband-appellee. The husband filed motions to dismiss both appeals as frivolous. The appeals were consolidated for hearing and the motions referred to the merits. We dismiss the appeal from the judgment overruling the exception and impose damages and attorney fees against the wife for a frivolous appeal. Further, we vacate the default judgment of divorce and remand the case for further proceedings in accordance with the views hereinafter expressed.
The husband filed his petition for divorce on November 20, 1985, alleging that the parties "physically separated on the 28th day of August, 1983 and have lived separate and apart, without reconciliation, since that time." He prayed for a divorce a vinculo matrimonii under the provisions of LSA-R.S. 9:301 which provides:
"When the spouses have been living separate and apart continuously for a period of one year or more, either spouse may sue for and obtain a judgment of absolute divorce."
The wife excepted to the petition as defective in that it did not state the spouses lived separate and apart continuously. From a judgment overruling the exception a so-called devolutive appeal was lodged by the wife (86-CA-426). While the appeal was pending the husband secured by default a judgment of divorce based on their having lived separate and apart without reconciliation for more than one year. The wife lodged a second appeal from the divorce judgment (86-CA-487).

APPEAL NO. 86-CA-426
The husband's motion to dismiss the first appeal is grounded in the contention the judgment overruling the exception is an interlocutory judgment.
La.C.C.P. art. 2083 provides for appeals from final judgments or from interlocutory judgments which may cause irreparable injury. A final judgment determines the merits in whole or in part, whereas an interlocutory judgment involves preliminary matters in the course of the action. La. C.C.P. art. 1841. As the judgment overruling the exception of no cause of action is not "final" as defined by article 1841, the only question before us is whether it meets the irreparable injury test as an interlocutory judgment. See Millet v. Johnson, 352 So.2d 1301 (4th Cir.1977).
The wife does not argue that the interlocutory judgment caused irreparable injury. Rather, she cites a string of cases wherein the sustaining of the exception was appealed as support for the proposition that the overruling of the exception can be appealed. The fallacy in the wife's reasoning lies in the distinctly different effects of a judgment sustaining an exception as opposed to a judgment dismissing an exception.
A judgment sustaining an exception has the effect of a final judgment for the suit is terminated. Therefore, it is appealable. Lambert v. National Bank of Commerce, 472 So.2d 284 (1st Cir.1985). As noted previously "....it is too certain to require comment that a judgment which dismisses a peremptory exception of no right or cause of action is an interlocutory judgment and unappealable."[1]Millet, supra at 1302.
Accordingly, we conclude that the judgment overruling the exception is interlocutory in nature and since there is no showing of irreparable injury, the motion of the appellee is granted and the appeal under docket number 86-CA-426 is dismissed at appellant's cost. See Brian v. Target, Inc., 395 So.2d 372 (1st Cir.1981).
*320 The husband further requests attorney fees and damages for a frivolous appeal, as authorized by La. C.C.P. art. 2164.[2] In an earlier appeal from a judgment providing for alimony, child support and community property matters, this court felt compelled to award the appellee $500.00 in damages and $750.00 in attorney's fees. Slip opinion 85-CA-716, not designated for publication.[3] In explaining the award the court stated:
"... Where contentions on appeal are without merit but raise legitimate issues, damages for frivolous appeals are not allowed. Sample v. Sample, 432 So.2d [376] 377 (La.App.1st Cir.1983). Damages will lie when it is manifest that the appeal was taken solely for the purpose of delay or when it is evident that appellant's counsel is not serious in advocating the view of law which he presents. Sample, supra. See also Pickering v. City of Baton Rouge, 442 So.2d 522 (La. App.1st Cir.1983).
We can find no legitimate issues whatsoever in the instant appeal and considering the tone and brevity of appellant's brief, we conclude that counsel could not have seriously believed in his position as such position was not seriously advocated. This appeal is absolutely baseless and the courts are too busy, and the cost of litigation is too high, to play games through appellate procedure ..."[4]
It is apparent to us the wife has again failed to raise any legitimate substantive or procedural issues in relation to her subsequent appeal from the interlocutory judgment. Additionally it appears the sole purpose of the appeal was delay in order for her eligibility for alimony pendente lite payments to continue. Hence, we find the appeal frivolous and award $750.00 in damages to appellee and $1,500.00 attorney's fees.

APPEAL NO. 86-CA-487
The husband has also filed a motion to dismiss the appeal from the divorce judgment as frivolous in that it is predicated on the failure to use the term "continuously" when alleging their having lived separate and apart for one year as the grounds for the divorce. However, the wife contends the default judgment was taken without her knowledge and at a time when the trial court was divested of jurisdiction by the signing of the first order of appeal. The husband avers that as the interlocutory judgment (86-CA-426) ordered appellant to file an answer within ten days, and she failed to do so, a default could be taken. He asks that appellant not be allowed to use the "bogus" appeal of the interlocutory judgment to "boot-strap" a good appeal of the divorce judgment.
The wife's point is well taken. La. C.C.P. art. 2088 provides as follows:
"The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
(1) Allow the taking of a deposition, as provided in Article 1433;
(2) Extend the return day of the appeal, as provided in Article 2125;

*321 (3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or
(10) Set and tax costs and expert witness fees."
Once the trial court signed the order of appeal from the judgment overruling the exception to the divorce petition the appellee was debarred from obtaining a judgment, for the trial court was divested of jurisdiction over the petition. Appellee's remedy was via a motion to dismiss the appeal. As none of the exceptions detailed in article 2088 are applicable, the judgment of divorce rendered during the pendency of the first appeal is null and without effect. See Ballanco v. Ballanco, 480 So.2d 1039 (5th Cir.1985); American Bank v. Red Diamond Supply, 472 So.2d 155 (5th Cir. 1985). An action for nullity on the basis of lack of jurisdiction may be asserted collaterally and at any time. See La.C.C.P. art. 2002 and comments thereunder; Fouchi v. Fouchi, 442 So.2d 506 (5th Cir.1983) writ denied 445 So.2d 1235 (La.1984).
Accordingly, we annul and set aside the judgment of divorce and remand the case for further proceedings. Although the husband requests damages and attorney's fees for the appeal of the divorce judgment, we decline to make the awards, for in this instance there was a legitimate basis for the appeal.
For the foregoing reasons the appeal from the interlocutory judgment is dismissed at appellant's cost, and appellee is awarded $750.00 in damages and $1,500.00 in attorney's fees.
The judgment of divorce is vacated and the matter is remanded back to the trial court for further proceedings.
DISMISSED IN PART; RENDERED IN PART; JUDGMENT VACATED; CASE REMANDED.
NOTES
[1] After judgment on the merits an interlocutory judgment becomes part of the final decree and subject to review on appeal. Guice v. Mustakas, 490 So.2d 390 (5th Cir.1986).
[2] The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable. La.C.C.P. art. 2164.
[3] Uniform RulesCourts of Appeal, Rule 2-16.3 provides:

Opinions marked "Not Designated for Publication" shall not be cited, quoted, or referred to by any counsel, or in any argument, brief, or other materials presented to any court, except in continuing or related litigation. Opinions marked "Not Designated for Publication" shall be filed in the clerk's office as public records.
[4] Writs were denied by the Supreme Court on application No. 86-C-1199.