GOTHARD, Judge.
Appellant, Henry James Fitch, takes this appeal from a judgment overruling his ex *421 ception of improper use of summary procedure. We dismiss the appeal.
Mr. Fitch filed a petition for divorce pursuant to LSA-R.S. 9:301 alleging that the parties had lived separate and apart for a period exceeding one year. Mrs. Fitch answered the petition with a general denial. Subsequently, on October 7, 1987 the parties entered into a consent judgment awarding joint custody of the couple’s two minor children and issuing a preliminary injunction restraining either party from alienating or encumbering any community property. A final judgment of divorce was rendered on December 7, 1987.
On January 6, 1988 Mrs. Fitch filed a rule to establish alimony and child support. In response appellant excepted, asserting that a summary proceeding was unauthorized. Appellant argues that, since the issue of fault was not litigated and child support was not set before the final divorce decree was rendered, the petition for alimony and child support was not incidental to the divorce action.
The trial court denied the dilatory exception and ruled that Mrs. Fitch “may establish her right to receive permanent alimony and child support through summary procedure.” Mr. Fitch appeals that decision.
Generally, a judgment overruling an exception is interlocutory in nature and, therefore, not appealable in the absence of a showing of irreparable harm. LSA-C. C.P. art. 2083; see Schnatz v. Schnatz, 501 So.2d 318 (La.App. 5th Cir.1987), writ, denied, 504 So.2d 877 (La.1987). The husband does not assert that this interlocutory judgment caused irreparable harm. Consequently, we have no appellate jurisdiction in this matter.
For the foregoing reasons this appeal is dismissed at appellant’s cost.
APPEAL DISMISSED.