712 So.2d 1077 (1998)
LaPLACE SAND COMPANY, INC.
v.
Ronald TROXLER.
No. 98-CA-36.
Court of Appeal of Louisiana, Fifth Circuit.
May 27, 1998.
Michael S. Weinberg, Destrehan, for Plaintiff-Appellee.
Robert R. Faucheux, Jr., Paul P. Tusa, LaPlace, for Defendant-Appellant.
Before GAUDIN, DUFRESNE and CANNELLA, JJ.
DUFRESNE, Judge.
Appellant, Ronald Troxler, attempts to appeal the district court judgment of May 15, 1997 which overruled his peremptory exceptions *1078 of no right of action and no cause of action. LSA-C.C.P. art. 2083 authorizes appeals from final judgments or from interlocutory judgments which may cause irreparable harm. LSA-C.C.P. art. 1841 defines a final judgment as "a judgment that determines the merits in whole or in part," whereas an interlocutory judgment is one "that does not determine the merits but only preliminary matters in the course of the action."
The denial of exceptions of no cause of action and no right of action are interlocutory judgments and are not appealable where there has been no showing of irreparable harm. Fitch v. Fitch, 549 So.2d 420 (La.App. 5 Cir.1989); Schnatz v. Schnatz, 501 So.2d 318 (La.App. 5 Cir.), writ denied, 504 So.2d 877 (La.1987); Box v. French Market Corp., 593 So.2d 836 (La.App. 4 Cir.1992). In the present case, there has been so showing of irreparable harm. In fact, counsel for appellant did not even respond to this court's rule to show cause issued on February 23, 1998, why this appeal should not be dismissed.
An appellate court may dismiss an appeal on its own motion where there is no right to appeal. LSA-C.C.P. art. 2162. Powell v. Liberty Lloyds Ins. Co., 589 So.2d 593 (La. App. 5 Cir.1991). As there is no right to appeal from the district court's May 15, 1997 interlocutory judgment, we dismiss the instant appeal.
APPEAL DISMISSED.