*158
 
 SUSAN M. CHEHARDY, Judge.
 

 |2On appeal, John J. Muggivan seeks review of the trial court’s denial of his Special Motion to Strike. For the following reasons, we dismiss the appeal.
 

 Facts
 

 On December 20, 2005, Kevin J. Bianchi-ni, Ph.D. sued John J. Muggivan for defamation. In the petition, Dr. Bianchini asserts that Mr. Muggivan defamed him in a medical report about a patient common to both practitioners. After years of pretrial procedural maneuvering, on July 1, 2009, Mr. Muggivan filed a Special Motion to Strike, pursuant to La. C.C.P. art. 971. On August 25, 2009, after a hearing on several motions, the trial judge denied the defendant’s Special Motion to Strike, as follows:
 

 The Court having reviewed the pleadings, reviewed the law, hereby denies the Defendant’s Special Motion to Strike for the following reasons:
 

 (1) This is not a public issue as contemplated by the statute, and
 

 (2) The special motion was not filed timelyt,] that is within 60-days of service of the petition.
 

 The Court thus per the wording in the statute deems the motion improperly filed.
 

 If you’ve got any argument to be made on this subject, I will deem this a final judgment. It can be appealed at this time.
 

 |sThe written judgment of August 31, 2009, which memorialized that ruling, further stated that “there is no just reason for delay with respect to defendant’s right to appeal.” The trial judge gave no further reasons to support his designation or “certification” of finality.
 

 On September 8, 2009, Mr. Muggi-van filed a Motion to Appeal the denial of his Special Motion to Strike.
 
 [1]
 
 For jurisdictional purposes, we must address whether the judgment at issue is appeal-able.
 

 Under La. C.C.P. art. 1841, a final judgment is a judgment that “determines the merits in whole or in part,” and an interlocutory judgment is one that “does not determine the merits but only preliminary matters in the course of the action.”
 
 See also, LaPlace Sand Co. v. Troxler,
 
 98-36 (La.App. 5 Cir. 5/27/98), 712 So.2d 1077. Furthermore, La. C.C.P. art. 1915 sets forth the instances when a final judgment may be rendered, even though it does not grant the successful party all of the relief sought or does not adjudicate all of the issues in the case.
 
 [2]
 

 
 *159
 
 In the instant case, the judgment denying defendant’s special motion to strike does not determine the merits of the case in whole or in part, and is not a partial final judgment under any of the subsections of La. C.C.P. art. 1915(A). As such, it is not appealable, unless the judgment was properly designated as final by |4the trial court after an express determination that there is no just reason for delay, under La. C.C.P. art. 1915(B)(1).
 

 Here, the written judgment of August 31, 2009 stated that “there is no just reason for delay with respect to defendant’s right to appeal.” However, the trial judge gave no further reasons to support his designation or “certification” of finality. The proper standard of review of a designation of finality, when no reasons are given is
 
 ele novo. Berman, 717
 
 So.2d at 661.
 

 La. C.C.P. art. 971, which provides for the Special Motion to Strike, reads:
 

 A.(1) A cause of action against a person arising from any act of that person in furtherance of the person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
 

 (2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
 

 (3) If the court determines that the plaintiff has established a probability of success on the claim, that determination shall be admissible in evidence at any later stage of the proceeding.
 

 B. In any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs.
 

 C. The special motion may be filed within sixty days of service of the petition, or in the court’s discretion, at any later time upon terms the court deems proper. The motion shall be noticed for hearing not more than thirty days after service unless the docket conditions of the court require a later hearing.
 

 D. All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this Article. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. Notwithstanding the provisions of this Paragraph, the court, on noticed motion and for good cause shown, may order that specified discovery be conducted.
 

 E. This Article shall not apply to any enforcement action brought on behalf of the state of Louisiana by the attorney general, district attorney, or city attorney acting as a public prosecutor.
 

 |SF. As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:
 

 (1) “Act in furtherance of a person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue” includes but is not limited to:
 

 (a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any
 
 *160
 
 other official proceeding authorized by law.
 

 (b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.
 

 (c) Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.
 

 (d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.
 

 (2) “Petition” includes either a petition or a reconventional demand.
 

 (3) “Plaintiff’ includes either a plaintiff or petitioner in a principal action or a plaintiff or petitioner in reconvention.
 

 (4) “Defendant” includes either a defendant or respondent in a principal action or a defendant or respondent in recon-vention.
 

 Our brethren on the First Circuit discussed the purpose of article 971 in
 
 Lamz v. Wells,
 
 05-1497 (La.App. 1 Cir. 6/9/06), 938 So.2d 792, 796:
 

 The intent of Article 971 is to encourage continued participation in matters of public significance and to prevent this participation from being chilled through an abuse of judicial process.
 
 Stern v. Doe,
 
 01-0914, p. 4 (La.App. 4 Cir. 12/27/01), 806 So.2d 98, 101. Article 971 was enacted by the legislature as a procedural device to be used early in legal proceedings to screen out meritless claims brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances.
 
 Aymond v. Dupree,
 
 2005-1248, p. 7 (La.App. 3 Cir. 4/12/06), 928 So.2d 721. Accordingly, Article 971 provides that a cause of action against a person arising from any act in furtherance of the person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a ^special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim. This special motion to strike is a “specialized defense motion akin to a motion for summary judgment.” See Editor’s Note to La. Code Civ. P. art. 971, citing
 
 Lee v. Pennington,
 
 02-0381 (La.App. 4 Cir. 10/16/02), 830 So.2d 1037,
 
 writ denied,
 
 02-2790 (La.1/24/03), 836 So.2d 52.
 

 Turning to our facts, it is clear that, especially in this case, the Special Motion was used as a “specialized defense motion akin to a motion for summary judgment.” Moreover, the partial judgment did not terminate the suit, and that the same parties will continue to litigate the remaining issues. Based on the foregoing, it was improper for the trial judge to certify the present partial judgment as appealable. Accordingly, this appeal is dismissed.
 

 APPEAL DISMISSED.
 

 [1]
 

 . We note also that Mr. Muggivan filed a Notice of Intent to seek Supervisory Review of the same judgment on September 9, 2009. By unpublished disposition dated October 22, 2009, this Court stated that, "Relator has not raised any issues in his application!,] which would warrant exercise of this court’s supervisory jurisdiction at this stage of the proceedings. Accordingly, the writ is denied.”
 

 [2]
 

 . In 1997, La. C.C.P. art. 1915 was amended to provide a procedure for dealing with partial judgments similar to that used in federal courts and set forth in Rule 54(b) of the Federal Rules of Civil Procedure. Historically, both the federal and Louisiana courts have maintained policies against partial appeals in on-going cases.
 
 See generally, Everything On Wheels Subaru, Inc. v. Subaru South Inc. 616
 
 So.2d 1234 (La.1993). In
 
 Berman v. De Chazal,
 
 98-81 (La.App. 5 Cir. 5/27/98), 717 So.2d 658, this Court adopted factors, which have been applied in other circuits and federal courts, to determine when partial judgments should be certified as immediately appealable, as follows:
 

 (1) The relationship between the adjudicated and the unadjudicated claims; (2) The possibility that the need for review might or might not be mooted by future developments in the district court; (3) The possibility that the reviewing court might be obliged to consider the same issue a second time; (4) The presence or absence of a
 
 *159
 
 claim or counterclaim which could result in setoff against the judgment sought to be made final; and (5) Miscellaneous facts such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like;