LYNETTE THOMAS WIFE OF/AND
LEROY THOMAS

VERSUS

OWE INSURANCE COMPANY, GEICO
GENERAL INSURANCE COMPANY AND
SOUTHERN PRIORITY LOGISTICS CORP

NO. 22-CA-586

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 770-540, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

October 04, 2023

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.

**AFFIRMED**
    **JJM**
    **SMC**

**DISSENTS WITH REASONS**
    **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
LYNETTE THOMAS, CHESARAE THOMAS, JOEL SLACK, MICHAEL
SHORT, SR., JOEY LEE, MELISSA MASON, COREY TILLMAN, AND
DEMETRICE LONDON

     Stephen M. Chouest, Sr.
     J. Rand Smith, Jr.
     Kylie D. Faure

COUNSEL FOR DEFENDANT/APPELLEE,
SOUTHERN PRIORITY LOGISTICS CORP.

     Michael J. Remondet, Jr.
     Michael R. Guidry

**MOLAISON, J.**

The plaintiffs/appellants, Lynette Thomas, Chesarae Thomas, Joel Slack, Michael Short, Sr., Joey Lee, Melissa Mason, Corey Tilman, and Demetrice London, (hereinafter referred to as the appellants), have appealed the grant of partial summary judgment in favor of Southern Priority Logistics Corp., (hereinafter referred to as "Southern"), dismissing the appellants' claims against Southern for the vicarious liability of Marcos Cardenas. For the reasons that follow, we affirm the grant of partial summary judgment.

## FACTS AND PROCEDURAL HISTORY

Southern is a delivery service that retains drivers to make deliveries for its customers. Marcos Cardenas was a driver retained by Southern to make deliveries in his personal vehicle, on which he was required to maintain liability insurance.

On November 12, 2016, Mr. Cardenas accepted a delivery request to pick up a package at 5616 Salem Street in Jefferson Parish and deliver it to the New Orleans airport, approximately five miles away. The delivery was made at 9:05 a.m. on November 12, 2016. At approximately 9:17 a.m. Mr. Cardenas was traveling on U.S. Highway 61 when he crossed into oncoming traffic, striking a vehicle driven by Leroy Thomas and occupied by Lynette Thomas. On November 16, 2016, Mr. Cardenas died.

Mr. and Mrs. Thomas[1] filed suit against Southern[2] alleging that Southern was responsible for the injuries they sustained in the accident of November 12, 2016. On August 30, 2019, Southern filed a motion for summary judgment arguing that Southern was not vicariously liable for Mr. Cardenas because Mr.

---

[1] Mr. Thomas passed away on January 21, 2021. On October 13, 2021, Mr. Thomas' heirs were substituted as party plaintiffs.
[2] The petition also named Mr. Cardenas' liability insurer who has been dismissed from this suit. The petition was amended to include Southern's insurer, who is not a party to the summary judgment that forms the basis of this appeal.

Cardenas was an independent contractor. The hearing on the motion was reset several times at the request of the appellants.

Before its initial motion for summary judgment was heard, Southern filed a "supplemental motion for summary judgment" on June 1, 2020, in which it argued that even if the trial court were to find that there is a genuine issue of material fact as to whether Mr. Cardenas was Southern's employee, there was no genuine issue of material fact that Mr. Cardenas had delivered the package and was no longer in the course and scope of his assignment with Southern at the time of the accident.

The appellants opposed Southern's motion, arguing that Mr. Cardenas was an employee of Southern and as such, Southern was vicariously liable for his tortuous acts. Following additional discovery, and the substitution of Mr. Thomas' heirs due to Mr. Thomas' death, Southern's motion for summary judgment was heard on December 15, 2021. After the hearing, the trial court took the matter under advisement.

The next day, the appellants filed a motion to stay the consideration of Southern's motion for partial summary judgment. In this motion, the appellants' counsel stated that he was not aware that a supplemental motion for partial summary judgment had been filed by Southern, and requested that the court allow the appellants time to conduct additional discovery relating to issues raised in Southern's supplemental motion. At the hearing on the motion to stay, the trial court held that the issue of vicarious liability under the theory of whether Mr. Cardenas was an employee or an independent contractor would not be relitigated. A hearing to argue the issue of vicarious liability as to whether Mr. Cardenas was in the course and scope of his assignment with Southern at the time of the accident was set for April 12, 2022.

Southern filed a supplement to its motion for summary judgment and attached the deposition testimony of the State Trooper who investigated the

November 12, 2016 accident.  The appellants filed a memorandum in opposition to Southern's motion for summary judgment on the course and scope issue in which they argued that Mr. Cardenas was only on the road at the time of the accident because of his assignment by Southern, and as such, was in the course and scope of this assignment at the time of the accident.

At the hearing on April 12, 2022, the trial court overruled the appellants' objection to the deposition of the State Trooper who investigated the November 12, 2016 accident.  The court found that once Mr. Cardenas completed the task of delivering the package to the airport, he was no longer in the course and scope of his assignment by Southern, and concluded that there was no genuine issue of material fact as to whether Mr. Cardenas was in the course and scope of his assignment with Southern at the time of the accident.

On May 11, 2022, the trial court signed a written judgment granting partial summary judgment in favor of Southern and designated the judgment as final having determined that there was no just reason for delay.[3]  This timely appeal followed.[4]

## LAW AND DISCUSSION

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.  La. C.C.P. art. 966(A)(3).  If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion

---

[3] On April 13, 2023, the judgment was amended to include the appropriate and necessary decretal language.  The trial court also designated the amended judgment as a final judgment having determined that there was no just reason for delay.

[4] In their petition, the appellants contend that Southern is liable for their injuries under a theory of direct liability for hiring Mr. Cardenas as a delivery driver due to his prior accidents and poor health.  The appellants also contend that Southern is vicariously liable for the negligent acts of their employee, Mr. Cardenas, in causing the accident.  The summary judgment at issue in this appeal only involves the vicarious liability of Southern.  The issue of the direct liability of Southern is still pending in the trial court.

for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). The burden then shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing a motion for summary judgment, and all doubt must be resolved in the opponent's favor. Willis v. Medders, 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050 (per curiam). In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Samaha v. Rau, 07-1726 (La. 2/26/08), 977 So.2d 880.

A decision as to the propriety of a grant of a motion for summary judgment must be made concerning the substantive law applicable to the case. Bach v. Bd. of River Port Pilot Comm'rs, 15-765 (La. App. 5 Cir. 5/12/16), 193 So.3d 355, 362.

In their first assignment of error on appeal, the appellants contend that the trial court erred in allowing Southern to "improperly supplement" its prior motion for summary judgment. The record indicates that the appellants did not request that the trial court strike the supplemental motion for summary judgment. Rather, the appellants requested that the ruling on the motion for summary judgment that was argued on December 15, 2021, be stayed to allow the appellants time to respond to the "supplement." As a general rule, appellate courts will not consider issues raised for the first time on appeal, which are not pleaded in the court below and which the trial court has not addressed. Lepine v. Lepine, 17-45, (La. App. 5

Cir. 6/15/17), 223 So. 3d 666, 673.  Moreover, the appellants were not prejudiced by the trial court's consideration of the supplemental motion for summary judgment.  The trial judge granted the appellant's motion to stay and allowed the appellants time to conduct additional discovery and respond to the supplemental motion.  This assignment of error is without merit.

Southern's motion on the issue of whether Mr. Cardenas was an employee:

In its initial motion for summary judgment filed on August 30, 2019, Southern argued that Mr. Cardenas was not an employee, rather he was an independent contractor, and as such Southern was not liable for the negligence of Mr. Cardenas in causing the accident.  In support of this position, Southern attached the affidavit of Billy Pierot dated August 14, 2019.  In this affidavit, Mr. Pierot explains that he purchased Southern[5] from its prior owner, and that Mr. Cardenas had signed a contract with the precursor of Southern on April 2, 2011.  Mr. Pierot attested that when Southern receives a request from a client to pick up and deliver a package, it will contact a driver in the area of the pickup location to offer the driver the option to perform the job.  If a driver does not accept the job, it is offered to another driver.  Mr. Pierot attested that each driver must supply their own means of conveyance, are required to maintain automobile liability insurance, and comply with all governmental regulations.  The drivers are not provided a schedule, required to be on call, or work a certain number of hours.  The drivers are not covered under a workers compensation policy, nor does Southern withhold payroll taxes or provide benefits to the drivers.  Drivers are required to make pickups and deliveries in the time restraints set by the individual customers and are free to choose their own routes for pickup and delivery.  Mr. Pierot attested that Mr. Cardenas accepted an offer from Southern to pick up and deliver a package

---

[5] Mr. Pierot attested that he purchased the stock and assets of Louisiana Consulting and Training Corporation on May 1, 2015 and then changed the name to Southern Priority Logistics Corporation.

from a UPS location and carry it to the Louis Armstrong International Airport on November 12, 2016, and that Mr. Cardenas' vehicle collided with the Thomas vehicle during the delivery.

In opposition the appellants asserted that Southern exercised "all necessary and requisite control over Mr. Cardenas to be deemed vicariously liability [sic] for his acts and omissions." In support of this argument, the appellants attached the April 13, 2021 deposition of Mr. Pierot and exhibits to the deposition. Included in these exhibits is the police report from the accident between Mr. Cardenas and Mr. and Mrs. Thomas, and the "receipt" showing that the package was delivered at 9:05 a.m.

At the December 15, 2021 hearing, the trial court sustained Southern's exceptions to the deposition of Mr. Cardenas that was taken in an unrelated matter. Counsel for Southern argued that Mr. Cardenas was an independent contractor based on the fact that he had to have his own means of conveyance and his own insurance, he did not have to be available at certain times, he controlled his schedule, and could accept or refuse the request to deliver packages. Counsel maintained that each one of the deliveries was a separate job and Mr. Cardenas was able to negotiate the price he was paid for the deliveries. Counsel for Southern went on to argue that Mr. Cardenas was not in the course and scope of his assignment with Southern at the time of the accident because the delivery had been completed and he was free to go wherever he pleased.

In response, the appellants argued that the contract signed by Mr. Cardenas to accept the delivery assignment did not make Mr. Cardenas an independent contractor. Rather, the requirements imposed on Mr. Cardenas by the contract indicate that Mr. Cardenas was an employee of Southern, pointing out that Mr. Cardenas had worked for Southern and its predecessor since 2011, and that Southern controlled the assignments of time-sensitive deliveries. The appellants

admitted that although Southern did not direct the route for the deliveries, Mr. Cardenas was required to take the fastest route. The appellants further argued that Mr. Cardenas had not "finished his job" at the time of the accident because he was paid a flat rate for "going and coming." The appellants contend that the only reason why Mr. Cardenas was in his car at the time of the accident was to make the delivery he made for Southern. Southern responded that Mr. Pierot erred in his first affidavit in which he stated that the accident occurred during delivery but that he cleared up this issue during his deposition citing the email from UPS stating that the package had been delivered before the accident occurred. After the hearing, the trial judge took the matter under advisement.

Southern's motion on whether Mr. Cardenas was in the course and scope of his assignment:

Before its initial motion for summary judgment was heard and ruled on, Southern filed a "supplemental motion for summary judgment," arguing, alternatively, that Mr. Cardenas was not in the course and scope of his assignment with Southern at the time of the accident, and that it was not liable to the appellants under either the employee theory of vicarious liability or the course and scope theory of vicarious liability. An affidavit of Mr. Pierot dated May 13, 2020, was attached to this motion, in which Mr. Pierot attested that on November 12, 2016, UPS emailed Southern confirmation showing that Mr. Cardenas delivered the package at 9:05 a.m. The UPS email was attached to his affidavit. Mr. Pierot attested that Mr. Cardenas was involved in the motor vehicle accident with the appellants after the delivery, and that Mr. Cardenas did not contract to perform any other deliveries with Southern on November 12, 2016.

In the opposition to Southern's supplemental motion for summary judgment, the appellants argued that Mr. Cardenas was in the course and scope of his employment with Southern at the time of the accident because the documents

produced in discovery indicated that he would receive delivery assignments from Southern throughout the day.  In support of this argument, the appellants attached an affidavit of Mr. Cardenas' widow, who attested that Mr. Cardenas did not work for any other delivery companies and that he was on call for Southern 24 hours a day, seven days per week, every day of the year.  She further attested that at the time of the accident, Mr. Cardenas had accepted a delivery job from Southern for which "he was paid a fixed fee on a round trip basis."  Appellants also objected to the March 25, 2022 supplement filed by Southern, including the deposition of the investigating trooper.

On April 12, 2022, the trial court held a hearing on the issue of whether Southern could be held vicariously liable for the appellants' injuries based on Mr. Cardenas being in the course and scope of his assignment with Southern at the time of the accident.  The trial court overruled the appellants' objection to the deposition of the investigating trooper, finding that it was submitted before the appellants' opposition and that the appellants were not prejudiced by this deposition.  At the hearing, Southern argued that after Mr. Cardenas delivered the package to the airport, he was free to go anywhere, pointing out that there was no evidence to show that Mr. Cardenas had been assigned to deliver another package after he dropped off the package at the airport.  In response, the appellants argued that Mr. Cardenas was paid round trip for the delivery and that he had not filled out the required paperwork for the delivery at the time of the accident.  After the arguments, the trial judge stated that the delivery had been completed, that there was no genuine issue of material fact, and that summary judgment should be granted.

Analysis:

First, on *de novo* review, we find the trial court erred in overruling the appellants' objection to Southern's supplement containing the deposition of the

investigating trooper. La. C.Civ.P. art. 966B(3) prohibits documents from being filed with a reply memorandum to an opposition to a motion for summary judgment.

Our *de novo* review of the pleadings and properly admitted evidence indicates that there is no material issue of fact as to whether Mr. Cardenas was in the course and scope of his assignment with Southern at the time of the accident. There is no dispute that Mr. Cardenas accepted an assignment from Southern to deliver a package to the airport and that at the time of the accident, the package had been successfully delivered. The appellants have not come forth with any evidence to indicate that Mr. Cardenas had accepted another assignment for pickup and delivery after he delivered the package to the airport at 9:05 a.m. on November 12, 2016.

In Jack v. McFarland, 15-405 (La. App. 3 Cir. 10/7/15), 175 So.3d 1169, McFarland (the employee) was traveling home after leaving a meeting with a client when he rear-ended a vehicle operated by Jack. Thereafter, Jack filed suit against McFarland and his employer (Coca-Cola), alleging that at the time of the accident, McFarland was in the course and scope of his employment with Coca-Cola.

Jack asserted that at the time of the accident, McFarland was a salaried employee for Coca-Cola and was visiting customers on the day of the accident. Jack noted that McFarland did not have a set work schedule, and was issued a cell phone and laptop by Coca-Cola which he used to respond to work-related calls and e-mails. He argued that Coca-Cola had control over McFarland, and therefore he was in the course and scope of his employment when the accident occurred.

Coca-Cola filed a motion for summary judgment on the issue of vicarious liability, arguing that, although McFarland was a salaried employee and received compensation for his mileage, McFarland had completed his work for the day and was returning home. McFarland did not and was not planning to conduct any

business on behalf of Coca-Cola following his last meeting that day. In affirming the trial court's grant of summary judgment that McFarland was not in the course and scope of his employment at the time of his accident, the Third Circuit concluded that McFarland was finished with his work and meetings and was traveling home, noting that he conducted no further work once he left his last client. Id. at 1175.

Similarly, in Migliore v. Gill, 11-407, (La. App. 5 Cir. 12/13/11), 81 So.3d 900, 904, a doctor, who was "on call" on the day he was involved in a traffic accident that allegedly injured another motorist, was found not to be within the course and scope of his employment at the time of the accident, even though he wore a beeper and was expected to report to his place of employment within 30 minutes if called to work. At the time of the accident, he was taking his son to his ex-wife's house, a personal activity that did not benefit his employer, and he was never called to report to work during his "on-call" shift that day. Id.

Likewise, at the time of the accident in this case, Mr. Cardenas had completed the delivery of the package for Southern. There is no evidence that he had accepted another delivery or that he was conducting any further business on behalf of Southern at the time of the accident. Accordingly, Mr. Cardenas was not in the course and scope of his assignment with Southern at the time of the accident. This finding pretermits a discussion of whether Mr. Cardenas was an employee of Southern or an independent contractor.

**CONCLUSION**

Based on the foregoing, after our *de novo* review of the record, memoranda, exhibits, and the law, we find no genuine issue of material fact as to whether Mr. Cardenas was in the course and scope of his assignment with Southern at the time of the November 12, 2016 accident. Hence, Southern is entitled to partial summary judgment on the issue of vicarious liability as a matter of law.

22-CA-586                                                  10

Accordingly, the trial court judgment granting partial summary judgment in favor of the defendant, Southern Priority Logistics Corp., dismissing the vicarious liability claims of Lynette Thomas, Chesarae Thomas, Joel Slack, Michael Short, Sr., Joey Lee, Melissa Mason, Corey Tilman, and Demetrice London, with prejudice is affirmed.

**AFFIRMED**

LYNETTE THOMAS WIFE OF/AND
LEROY THOMAS

NO. 22-CA-586

FIFTH CIRCUIT

VERSUS

COURT OF APPEAL

OWE INSURANCE COMPANY, GEICO
GENERAL INSURANCE COMPANY
AND SOUTHERN PRIORITY
LOGISTICS CORP

STATE OF LOUISIANA

**JOHNSON, J., DISSENTS WITH REASONS**

I, respectfully, dissent from the majority opinion on a procedural basis. For the following reasons, I find that the merits of the instant appeal are not properly before us for review.

As mentioned in the majority opinion, Plaintiffs/Appellants, Lynette Thomas, Chesarae Thomas, Joel Slack, Michael Short, Sr., Joey Lee, Melissa Mason, Corey Tilman, and Demetrice London, filed vicarious liability and direct liability[6] claims against Southern Priority Logistics Corp. (hereinafter referred to as "Southern Priority"). The trial court rendered summary judgment in favor of Southern Priority on the vicarious liability claim, finding that Marcos Cardenas was not in the course and scope of his employment with Southern Priority at the

---

[6] Plaintiffs alleged the following claims against Southern Priority in their petition:
1. Engaging and permitting Marco A. Cardenas, an injured, impaired, and/or medically unsound courier delivery person, to pick up and/or deliver its customers' goods or products, thereby resulting in or contributing to the Accident;
2. Failing to require or obtain proper medical testing and medical clearance, including appropriate physical examinations of Marco A. Cardenas and/or the implementation of an appropriate driver certification program;
3. Engaging Marco A. Cardenas to pick up and/or deliver its customers' goods or products, with knowledge that he has previously lost consciousness while operating a delivery vehicle;
4. Failing to take reasonable or appropriate actions to assure that Marco A. Cardenas was mentally or physically competent to safely operate a delivery vehicle while performing courier delivery services on Southern Priority's behalf;
5. Negligently engaging an impaired driver, that was suffering from pain, suffering [sic], medical treatment, disability, lost wages, and loss of earning capacity, and who was not physically or mentally fit to perform the assigned job;
6. Failing to properly train or supervise Marco A. Cardenas;[… .]

time of the accident. However, the direct liability claims are currently pending at the trial court level.

At the conclusion of the April 12, 2022 summary judgment hearing, the trial court certified the partial summary judgment. The court orally reasoned,

> Well, let me do this. Let me certify this judgment with respect to this summary judgment as final under 915, I think, Counselor -- or 1915, so that if you choose to take an appeal, you'll have the ability to do so. To the extent that the other motion is pending, I'll take up the other motion, and we'll make this -- this is a partial summary judgment anyway, so I'll certify that ruling as final, so if you want to take the appeal, you can. So you can put that in the judgment, Counsel, that I'm certifying it as final, there's no just reason for delay.

The trial court's ruling in favor of Southern Priority was designated as a final judgment, pursuant to La. C.C.P. art. 1915(B)(1)[7], in the May 11, 2022 written judgment, and there was a determination that there was no just reason for delaying entry of the final judgment. No further reasons to support the designation or certification of finality were provided by the court.

For jurisdictional purposes, this Court must consider whether the judgment at issue is appealable. *See*, *Bianchini v. Muggivan*, 09-924 (La. App. 5 Cir. 4/13/10), 40 So.3d 157, 158. In *Bell v. Steckler*, 19-170 (La. App. 5 Cir. 12/4/19), 285 So.3d 561, 568, *writ denied*, 20-28 (La. 2/26/20), 347 So.3d 877, this Court explained the review of designated final judgment by stating,

> To assist the appellate court in its review of designated final judgments, the trial court should give explicit reasons, either oral or written, for its determination that there is no just reason for delay. If such reasons are given, the appellate court should review the certification by applying the abuse of discretion standard. *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113, 1122. Historically, our courts have had a policy against multiple appeals and piecemeal litigation. La. C.C.P. art. 1915(B) attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. In conducting our review of the trial court's designation, we consider the "overriding inquiry" of "whether there is no just reason for delay," as well as the other nonexclusive criteria trial courts should use in making the determination of whether

---

[7] The judgment designates the ruling as final pursuant to La. C.C.P. art. 1915(A)(1). However, Subsection B(1) addresses the designation of partial final judgments.

certification is appropriate, including the relationship between the adjudicated and the unadjudicated claims; the possibility the need for review might or might not be mooted by future developments in the trial court; the possibility the reviewing court might be obliged to consider the same issue a second time; and miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *Id*. at 1122-23.

Here, the trial court orally acknowledged Plaintiffs' pending motion for summary judgment[8] on their direct liability claims against Southern Priority; however, it did not provide an explicit reason why partial summary judgment in favor of Southern Priority should be immediately appealable. As such, the trial court's designation is not entitled to an abuse of discretion review; rather, the designation should be reviewed under the *de novo* standard of review.

After *de novo* review, I find that the trial court legally erred when it designated the partial summary judgment in favor of Southern Priority as a final judgment, pursuant to La. C.C.P. art. 1915(B)(1). The issues surrounding Mr. Cardenas' employment are questionable in both the vicarious liability and direct liability claims, and whether Mr. Cardenas was within the course and scope of his employment with Southern Priority will be re-litigated through Plaintiffs' pending direct liability claims.[9] Affirming the trial court's partial summary judgment at this juncture will ensure multiple appeals on the same issue, as the parties will likely appeal the trial court's determinations on Plaintiffs' direct liability claims. Therefore, I find that the trial court improperly designated the May 11, 2022

---

[8] Plaintiffs filed their motion for partial summary judgment against Southern Priority on April 4, 2022. Plaintiffs sought summary judgment on the issues of Southern Priority's liability for its fault and direct negligence in hiring, retaining, drug testing, or supervising Mr. Cardenas and/or its vicarious liability for Mr. Cardenas' torts.

[9] *See*, *Pelitire v. Rinker*, 18-501 (La. App. 5 Cir. 4/17/19), 270 So.3d 817, 834, *writ denied*, 19-793 (La. 9/17/19), 279 So.3d 378, where this analyzed the difference between vicarious liability and negligent hiring, finding

> The major difference between the two theories of liability is that the tort of negligent hiring is not limited to the narrow confines imposed by the *respondeat superior's* "scope of employment" limitation. This limitation, however, is imposed on the negligent hiring cause of action. This limitation is that the employee must in some respect have been engaged in furthering the employers' business when the employee crossed the line. Thus, the considerations relied upon by courts in imposing liability under the two theories are similar.
> (Internal citations omitted).

summary judgment as final pursuant to La. C.C.P. art. 1915(B)(1).  Accordingly, I

would dismiss the appeal and remand the matter for further proceedings.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 4, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

_Curtis B. Pursell_

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-586**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
J. RAND SMITH, JR. (APPELLANT)          STEPHEN M. CHOUEST, SR. (APPELLANT)          MICHAEL J. REMONDET, JR. (APPELLEE)

### MAILED

MICHAEL R. GUIDRY (APPELLEE)
ATTORNEY AT LAW
200 WEST CONGRESS ST.
SUITE 1100
LAFAYETTE, LA 70509

KYLIE D. FAURE (APPELLANT)
ATTORNEY AT LAW
4732 UTICA STREET
SUITE 100
METAIRIE, LA 70006

CHARLES E. LECHE (APPELLEE)
ROBERT E. KERRIGAN, JR. (APPELLEE)
ATTORNEYS AT LAW
755 MAGAZINE STREET
NEW ORLEANS, LA 70130